**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandstone Marketing Inc., ) | CV 12-01176-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Precision Converters Inc.; Peter Kohm;) | |
| Agrifabrics LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

The court has before it defendant Precision Converters Inc.'s ("Precision") motion to dismiss, or in the alternative, motion to stay (doc. 8), defendants Peter Kohm and Agrifabrics LLC's joinder in Precision's motion (doc. 9) and notice of errata (doc. 12), plaintiff's response (doc. 13), Precision's reply (doc. 14), and Kohm and Agrifabrics LLC's reply (doc. 15).

Plaintiff, a California corporation, has melon-farming operations in Arizona. For several years, plaintiff has used fabric manufactured by Precision in growing its melon crops. Plaintiff's direct contact was Kohm, a salesperson and agent for Agrifabrics LLC, Agrifabric and Agrofabric. Defendants are alleged to be residents of either South Carolina or Georgia. In March 2010, plaintiff entered into a contract with Agrifabric (a division of Precision) for the purchase of materials, titled a "Credit Application."[1]  Mot. to Dismiss, ex. A. The

---

[1] We may consider the contract as it is central to the complaint and its authenticity has not been questioned. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

1    contract states that "in the event of a controversy or claim under this document or in any
2    transaction with us, the same shall be settled by arbitration in Spartanburg, SC."  Id.

3    Plaintiff alleges that fabric it ordered from defendants in July 2011was defective and
4    caused significant crop loss.  Plaintiff filed this action on June 1, 2012, asserting two counts
5    for relief: (1) products liability (asserted against Precision only); and (2) breach of contract
6    and express and implied warranties (asserted against all defendants) (doc. 1).  Defendants
7    argue that the Credit Application requires arbitration of these claims, and asks us to dismiss
8    the complaint, or in the alternative to stay proceedings pending arbitration.

9    The Federal Arbitration Act ("FAA") governs arbitration clauses in contracts
10   involving interstate commerce.  9 U.S.C. § 1.  Under the FAA, "an agreement in writing to
11   submit to arbitration an existing controversy arising out of such a contract, transaction, or
12   refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law
13   or in equity for the revocation of any contract."  Id. § 2.  In deciding whether arbitration is
14   warranted, we (1) determine whether there is a valid arbitration agreement, and (2) determine
15   whether the agreement covers the instant dispute.  If the answer to both inquiries is yes, the
16   agreement to arbitrate must be enforced.  Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363
17   F.3d 1010, 1012 (9th Cir. 2004).

18   Plaintiff first argues that the motion to dismiss is procedurally improper because it did
19   not receive notice five days prior to the motion's filing in accordance with 9 U.S.C. § 4.
20   Under that provision, a "party aggrieved" by another's failure to arbitrate can petition the
21   district court "for an order directing that such arbitration proceed in the manner provided for
22   in such agreement.  Five days' notice in writing of such application shall be served upon the
23   party in default."  9 U.S.C. § 4.  Here, however, defendants did not initiate this action by
24   filing a "petition."  Plaintiff initiated the action by filing a lawsuit.  Defendants have not
25   asked us to compel arbitration, but have asked that we dismiss the action.[2]  And plaintiff has

26

27   [2] Defendants concede that we lack the power to order arbitration in South Carolina.
28   If we do not dismiss this action, they request in the alternative that we transfer it to the

- 2 -

not argued that if it had received notice of Precision's intent to file the motion, it would have agreed to arbitrate. Accordingly, we do not find that Precision's failure to give notice is reason to deny the motion.

Plaintiff does not dispute defendants' argument that the claims against Precision are subject to arbitration.[3] Indeed, plaintiff's claims against Precision involve plaintiff's purchase of Precision's allegedly defective fabric, and the arbitration provision states that "in the event of a controversy or claim under this document <u>or in any transaction with us</u>, the same shall be settled by arbitration in Spartanburg, SC." <u>Mot. to Dismiss</u>, ex. A (emphasis added). Plaintiff argues, however, that we cannot dismiss the breach of contract claim, as this claim was also asserted against defendants Peter Kohm and Agrifabrics LLC, non-signatories to the contract. Plaintiff's argument is unpersuasive. Plaintiff alleges that Kohm, acting as the authorized agent for Agrifabrics LLC and Precision (doing business as Agrifabric and Agrofabric), was its direct contact for purchasing the fabric. Plaintiff asserts in its breach of contract claim that as the result of selling the allegedly defective fabric, all three defendants breached the contract and are liable for damages. We conclude that plaintiff's claims against all defendants are subject to the arbitration clause. Thus, the arbitration clause must be enforced. <u>See</u> <u>Lifescan</u>, 363 F.3d at 1012.

We are, however, presented with a quandary. Defendants have not moved to compel arbitration, and we cannot compel the parties to arbitrate in South Carolina. <u>See</u> 9 U.S.C. § 4 (proceedings "shall be within the district for which the petition for an order directing such arbitration is filed"). Instead, Precision asks that we transfer the action to South Carolina pursuant to 28 U.S.C. § 1406(a), ostensibly so that it may proceed with filing a petition to compel arbitration in that district. But § 1406(a) permits a district court to transfer an action

---

District of South Carolina.

[3] Plaintiff attempts to assert a number of factual allegations in its response concerning the Credit Application, including that plaintiff's signatory signed it in a weakened state. These assertions are not supported by declaration. Moreover, plaintiff alleges that the contract between the parties to purchase the fabric is "valid and binding." <u>Compl.</u> ¶ 43.

- 3 -

that was filed in the wrong district. Id.  There is no indication that this action, arising from allegedly defective fabric purchased and used in Arizona, was filed in the wrong district. See 28 U.S.C. § 1391(b)(2).

When parties are required to arbitrate, we have discretion to dismiss rather than stay the action. Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988).  As this action is in its very early stages, and plaintiff has not argued that it will be prejudiced by a dismissal, we exercise our discretion to dismiss in the interest of judicial economy.

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 8).  This action is dismissed without prejudice.

DATED this 13th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge