**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandstone Marketing, Inc., | No. CV 12-01176-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Precision Converters, Inc.; Peter Kohm; Agrifabrics LLC, | |
| Defendants. | |

Plaintiff filed this action asserting products liability and breach of contract claims. On September 13, 2012 we dismissed the action without prejudice (doc. 16). We now have before us defendant Precision Converters Inc.'s ("Precision") motion for attorneys' fees (doc. 18), plaintiff's response (doc. 22), Precision's reply (doc. 24), defendants Peter Kohm and Agrifabrics LLC's motion for attorneys' fees (doc. 19), plaintiff's response (doc. 21), and Kohm and Agrifabrics LLC's reply (doc. 23). Because these motions raise nearly identical issues, we consider them together.

Defendants move for attorneys' fees as the prevailing parties in a matter arising out of a contract, pursuant to A.R.S. § 12-341.01.[1] Plaintiff argues that under choice of law

---

[1] In addition, Peter Kohm and Agrifabrics LLC move for attorneys' fees based on the contract between plaintiff and Precision (dba Agrifabric). The attorneys' fees provision in the contract applies to actions initiated by Precision. Because plaintiff, not Precision, initiated

1  principles South Carolina law governs the award of attorneys' fees. In a diversity case, such
2  as the one here, the availability of attorneys' fees is governed by the statutory law of the state
3  in which the action was brought. See Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th
4  Cir. 1985). Here, plaintiff filed this action in Arizona. Therefore, A.R.S. § 12-341.01
5  applies.

6       A.R.S. § 12-341.01 authorizes a court to award reasonable attorneys' fees to the
7  "successful party" in a contested action arising out of contract. Plaintiff argues that the
8  contract in this action is not disputed, and that defendants are not "successful" parties within
9  the meaning of the statute. A "contested action is one in which the defendant has appeared
10 and generally defends against the claims and demands made by the plaintiff." Morrison v.
11 Shanwick Intern. Corp., 167 Ariz. 39, 46, 804 P.2d 768, 776 (Ct. App.1990). A defendant
12 against whom a contract action is dismissed without prejudice is considered a "successful
13 party." Britt v. Steffen, 220 Ariz. 265, 267, 205 P.3d 357, 359 (Ct. App. 2008). Here,
14 defendants filed a motion to dismiss plaintiff's claims, thereby making this a contested action.
15 We found that plaintiff's claims against defendants are subject to arbitration, and dismissed
16 the contested action without prejudice. Therefore, defendants are "successful" parties within
17 the meaning of § 12-341.01.

18      A court has wide discretion in deciding whether to award fees under § 12-341.01. The
19 award of fees "should be made to mitigate the burden of the expense of litigation to establish
20 a just claim or a just defense." A.R.S. § 12-341.01(B). "It need not equal or relate to the
21 attorney fees actually paid or contracted." Id. In deciding whether to award fees under § 12-
22 341.01, we consider factors such as (1) whether the unsuccessful party's claims were
23 meritorious; (2) whether the litigation could have been avoided or settled; (3) whether
24 assessing fees would cause extreme hardship; (4) whether the successful party prevailed with
25 respect to all relief sought; (5) whether the legal question was novel; and (6) whether an

---

27 this action, we find Peter Kohm and Agrifabrics LLC are not entitled to attorneys' fees under
28 the contract.

1  award would discourage other parties with tenable claims from litigating them. <u>Associated</u>
2  <u>Indem. Corp. v. Warner</u>, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

3  After considering each of the <u>Warner</u> factors, we conclude that an award of fees in this
4  case is appropriate.  Plaintiffs' contentions with respect to arbitration were not entirely
5  meritorious. Plaintiff did not dispute defendants' argument that the claims against Precision
6  are subject to arbitration.  Instead, plaintiff argued that we could not dismiss the breach of
7  contract claim because it was also asserted against Peter Kohm and Agrifabrics LLC, non-
8  signatories to the contract.  But Kohm was Precision's agent and Agrifabrics was a division
9  of Precision.  Plaintiff could have avoided the action by submitting the matter to arbitration
10 pursuant to the arbitration clause in the contract.  The question of whether the arbitration
11 provision in the contract is enforceable is not novel.  Defendants prevailed, and an award of
12 fees would not discourage other parties from filing meritorious actions.  Indeed, an award of
13 attorneys' fees might discourage parties from ignoring arbitration provisions.  Plaintiff has
14 not argued that an assessment of fees would result in extreme hardship.  All of these factors
15 favor an award of fees.

16 We now turn to the reasonableness of the requested fees.  Precision seeks $4,282.00
17 in fees. Precision's insurance company, Cincinnati Insurance Company, employed two
18 attorneys with hourly rates of $165 and $140 an hour, to represent the interests of its insured.
19 These rates are within the range of prevailing rates in Phoenix.  Moreover, the attorneys
20 expended a reasonable amount of time–a  total of 28.3 hours–in defending Precision's right
21 to arbitrate this matter.  Peter Kohm and Agrifabrics LLC seek $3,912.00 in fees.  Peter
22 Kohm and Agrifabrics LLC retained one attorney with an hourly rate of $195, which is
23 within the range of prevailing rates in Phoenix.  The attorney expended a total of 18.40 hours
24 on implementing a joint legal strategy with Precision.  Plaintiff argues that certain time
25 entries in defendants' counsel's billing statement are improperly block-billed. We disagree.
26 Counsel properly billed for various tasks, and the time spent on each task is reasonable.

27 **IT IS ORDERED GRANTING** Precision's  motion for an award of attorneys' fees
28 (doc. 18), and awarding fees in the amount of $4,282.00.

1     **IT IS ORDERED GRANTING** Peter Kohm and Agrifabrics LLC motion for an award of attorneys' fees (doc. 19), and awarding fees in the amount of $3,912.00.

    Of course, nothing we say here in any way affects the merits of the underlying claims against defendants. The arbitrator will resolve those claims. Our fee award relates only to the choice of forum. If plaintiff prevails on its underlying contract claim, it may seek an award of fees against defendants.

    DATED this 12th day of December, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge